UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X    03 CV 5052 (NG) (LB)

HORACE DOVE,

                                **Plaintiff,**

          - against -                               **OPINION AND ORDER**

CITY OF NEW YORK; VENESSA WILLIAMS;
STAFF ON WARD 53 AT KINGS COUNTY
HOSPITAL, "G" BUILDING; PATIENTS ON WARD
53 AT KINGS COUNTY HOSPITAL, "G" BUILDING;
JEWISH BOARD OF FAMILY & CHILDREN'S
SERVICES, INC.; JEFFREY CLARKE; ARLENE
BISHOP; ESTHER; THE STAFF AT MAPLE STREET;
LIONEL YOUNG; and ABBOTT LABORATORY OF
ILLINOIS,

                                **Defendants.**
------------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Plaintiff, an individual with a history of psychiatric disabilities, alleges that his civil rights were violated by staff at various hospitals and a supportive housing facility on five separate occasions when he was involuntarily committed to a psychiatric ward. Plaintiff also asserts various state law claims, including a products liability claim against the manufacturer of a pharmaceutical drug that was administered to him. The organization that operates the supportive housing facility now moves for judgment on the pleadings, or, alternatively, for summary judgment. For the reasons set forth below, summary judgment is granted.

**FACTS**

      Since the instant motion concerns only the claims asserted against defendants Jewish Board

1

of Family and Children's Services (the "Jewish Board"), Jeffrey Clarke, Arlene Bishop, Esther, the Staff at Maple Street, and Lionel Young (collectively, the "Jewish Board Defendants"), this decision will address the facts and issues relevant to those claims only. Except as noted, the following facts are not in dispute.

The Jewish Board is a non-profit organization that provides psychiatric and social services to mentally ill individuals in New York through various community based programs, day treatment centers, and residential facilities. One such facility is Maple House, located in Brooklyn, which provides supportive housing to formerly homeless adults with psychiatric disabilities. Maple House is licensed by the State of New York and receives public funding. Plaintiff Horace Dove resided at Maple House from January 4, 2000 to September 9, 2002. During that period, he was involuntarily hospitalized for psychiatric issues on at least five occasions: Following a court ordered psychiatric evaluation, Dove was hospitalized at Kings County Hospital from July 20, 2001 to August 6, 2001. Dove was treated at Brookdale Hospital Center's psychiatric emergency room on November 13, 2001, but was not admitted. Dove was hospitalized at Long Island College Hospital from November 14, 2001 to November 26, 2001. Dove was hospitalized at King's County Hospital from January 21, 2002 to February 22, 2002. Dove was again hospitalized at Kings County Hospital on June 9, 2002, then transferred to Kingsboro Psychiatric Center. The record does not indicate the length of his stay at either facility.

Dove contends that the staff at Maple House conspired with Yvonne Ballard, director of a homeless shelter where Dove resided periodically during the late 1990s, Louise Lasson, assistant director of the shelter, and several former co-workers to have him involuntarily committed. He further contends that this was done as "punishment" for his having filed a complaint against Ballard.

2

*See* Plaintiff's Brief at 14, 25. The Jewish Board Defendants dispute these contentions.

Acting *pro se*, Dove commenced an action against the City of New York on October 6, 2003. On October 8, 2003, Dove filed an amended complaint naming several additional defendants, including the Jewish Board Defendants. With respect to the Jewish Board Defendants, Dove asserts claims under 42 U.S.C. §§ 1983 and 1985(3). Arguably, the amended complaint also asserts tort claims against the Jewish Board Defendants. *See* Amended Complaint ¶ 200 ("Defendants, Jewish Board of Family and Children Services, owners of Maple Street Resides, Jeffrey Clarke, Arlene Bishop, Esther, the Staff of Maple Street Residence and Lionel Young the resident have intentionally and willfully inflicted severe physical harm. Mental and emotional distress upon Plaintiff without any lawful justification violated Plaintiff's rights. Putting human feces on my pillow many times is a cruel punishment."). The Jewish Board interposed an answer to the amended complaint on February 25, 2004. It now moves for judgment on the pleadings, or, in the alternative, for summary judgment.

## DISCUSSION

**I.       Standard of Review**

Federal Rule of Civil Procedure 12(c) provides, in relevant part, that: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In support of its motion, the Jewish Board

3

has submitted two attorney affidavits and numerous pages of exhibits, mainly medical records and Maple House files concerning Dove. Accordingly, the motion will be governed by the standard for summary judgment. Dove has requested additional discovery concerning authentication of defendant's exhibits; he contends that many of the documents are forgeries. Since the court is able to decide the motion without consideration of the *challenged* exhibits, plaintiff's request for additional discovery is denied.

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The rule mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the standard for a directed verdict under Rule 50(a), which permits the court to grant a motion for judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to decide an essential issue in favor of the non-moving party. *See id.* at 323. When the moving party has carried its burden under Rule 56(c), the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Since plaintiff is acting *pro se*, the court must construe his submissions liberally, "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

4

## II. Section 1983 Claims

Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *See* 42 U.S.C. § 1983; *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). It is well-settled that Section 1983 imposes liability only on defendants who personally deprive someone of a federal right, or who personally cause such a deprivation to occur. *Dove v. Fordham University*, 56 F.Supp.2d 30, 336 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000). It is equally established that liability under Section 1983 may not be predicated on a theory of *respondeat superior* or vicarious liability. *Id*.

Here, Dove alleges that certain of the Jewish Board Defendants deprived him of his right to due process under the Fourteenth Amendment by causing him to be committed to psychiatric hospitals on various occasions. Due process demands that the decision to order an involuntary commitment be made in accordance with a standard that promises some reasonable degree of accuracy. *Rodriguez v. City of New York*, 72 F.3d 1051, 1062 (2d Cir. 1995). New York's statutory scheme governing involuntary commitments has been held facially sufficient to meet the requirements of due process. *See Project Release v. Prevost*, 722 F.2d 960, 972-74 (2d Cir. 1983). Under New York law, which governed each of the commitments challenged by Dove, an individual may be committed involuntarily "only if a staff physician of the hospital upon examination of such person finds that such person qualifies under the requirements of [the relevant statute]." N.Y. Mental Hyg. Law § 9.39(a). Implicit in Section 9.39's requirement that the commitment decision be made by a physician is the premise that the decision will be made in accordance with the

5

standards of the medical profession. *Rodriguez*, 72 F.3d at 1063. Though committing physicians are not expected to be omniscient, the statute implicitly requires that their judgment– affecting whether an individual is to be summarily deprived of her liberty– be exercised on the basis of substantive and procedural criteria that are not substantially below the standards generally accepted in the medical community. Due process requires no less. *Id*.

Dove does not allege that the Jewish Board Defendants, through nefarious means, caused physicians or other personnel at the various hospitals to which he was committed to violate New York's Mental Hygiene Law. He merely contends that certain Jewish Board Defendants "sent me five times to a psychiatric hospital as punishment, [although] the staff had no qualification to send me to a hospital." Plaintiff's Brief at 25. Since, under New York law, only hospital personnel acting on the advice of a physician can *cause* a person to be committed involuntarily, and since Section 1983 imposes liability only on defendants who personally cause the deprivation of a federal right, the Jewish Board Defendants cannot be held liable under Section 1983 for any due process violations arising from Dove's commitments. Indeed, in a prior suit, Dove brought similar claims against Yvonne Ballard for allegedly having him "sent" to the psychiatric ward at Bellevue Hospital on two occasions. That suit was dismissed for failing to state a claim. *See Dove v. City of New York*, 2000 WL 342682 (S.D.N.Y. 2000) ("[E]ven if Dove were not afforded those protections [mandated by New York law], he has not alleged Ballard's involvement beyond the initial 'sending' . . . . Accordingly, plaintiff fails to state a claim under § 1983.").

Moreover, the Jewish Board Defendants are not State actors, a pre-requisite to liability premised on the Fourteenth Amendment. State action may be found as to a non-governmental entity only if there is such a close nexus between the State and the challenged action that seemingly private

behavior may be fairly treated as that of the State itself. *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 295 (2001). The Supreme Court has held that a challenged activity may be State action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents. *Id*. at 296. The Supreme Court has treated a nominally private entity as a State actor when it is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control. *Id*.

Although Maple House is licensed by the State of New York and receives public funding, it is a private entity whose daily operations are devoid of State involvement. Neither Maple House nor its personnel are State actors, nor do the specific actions complained of by Dove have a sufficient nexus to the State to render them State actions for the purposes of the Fourteenth Amendment. Merely causing an individual to be transported to a State-run psychiatric hospital for evaluation and possible commitment by hospital personnel does not amount to willful participation in joint activity with the State.

### III. Section 1985 Claims

Section 1985(3) provides a remedy for persons intentionally deprived of equal protection of the laws or equal privileges and immunities under the laws by the conspiracy of two or more persons. 42 U.S.C. § 1985(3); *Thomas*, 165 F.3d at 146. To prevail, the plaintiff must show that the conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. *Thomas*, 165 F.3d at 146.

Dove alleges that certain of the Jewish Board Defendants conspired with Yvonne Ballard and others to have him committed. He does not allege, however, that such conspiracy was motivated by invidiously discriminatory animus. To the contrary, he contends that the alleged conspirators sought to retaliate against him for filing a complaint against Ballard:

> When I moved to Maple House at 480 Maple Street, Brooklyn, Yvonne Ballard talked about me to the staff all the time and told them to send me to a psychiatric hospital because I filed a claim against her.
> My five involuntary hospitalizations to psychiatric hospitals from the year 2001 to 2002, by Maple House staff, was coordinated and approved by Yvonne Ballard. There was a meeting of the minds, a conspiracy between Yvonne Ballard and the staff at Maple House at all times.

Plaintiff's Brief at 6-7.

Since the conspiracy alleged by Dove was not motivated by invidiously discriminatory animus, his Section 1985(3) claims fail as a matter of law.

## IV.    State Law Claims

As stated above, construed liberally, Dove's amended complaint asserts tort claims against the Jewish Board Defendants. These claims are addressed in the brief submitted by the Jewish Board, but not in the opposition brief submitted by Dove, suggesting that Dove may have abandoned them. In any event, having disposed of all of the federal claims against the Jewish Board Defendants, the court declines to extend supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the reasons set forth above, plaintiff's request for additional discovery regarding the Jewish Board Defendants is denied, and the motion of defendant Jewish Board of Family and Children's Services, Inc. is granted. The Clerk of Court is directed to enter summary judgment in favor of defendants Jewish Board of Family and Children's Services, Inc., Jeffrey Clarke, Arlene Bishop, Esther, the Staff at Maple Street, and Lionel Young. These defendants are hereby dismissed from the case. Any outstanding applications by plaintiff for modification of the briefing schedule were rendered moot by plaintiff's submission of an opposition brief dated August 18, 2005, which was considered by the court, and are therefore denied.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
September 28, 2005